IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ray L. Branton, #301515 | ) | Civil Action No. 8:08-2306-GRA-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Director Jon Ozmint, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion for summary judgment. [Doc. 24.] The plaintiff alleges that the defendant's policy requiring him to wear a pink jumpsuit as a result of sexual misconduct violates his Eighth and Fourteenth Amendment rights.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**DISCUSSION**

The defendant contends that the plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id*. (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. *Id*.

The Court takes notice, and it is undisputed, that in order to exhaust the South Carolina Department of Corrections ("SCDC") administrative remedies, an inmate must fill out a Form 10-5, Step 1 grievance, and give the form to the Institutional Inmate Grievance Coordinator within fifteen days of the alleged incident of which the inmate

complains. The Warden must respond to the Step 1 grievance in writing no later than forty days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review, with the Inmate Grievance Coordinator within five days of the receipt of the response from the Warden. A responsible official has sixty days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under §1983. 42 U.S.C. § 1997e; (see generally Warden Aff & Exs.)

The defendant has submitted evidence that the plaintiff has only submitted a Step 1 Grievance concerning the factual allegations predicate to the claims in his Complaint and has submitted no grievances for his Eighth Amendment claim. (Coleman Aff. ¶¶ 1, 2.) There is further evidence that the Grievance was returned unprocessed because the plaintiff did not file his Grievance within 15 days of the incident. *Id*. Pursuant to Section 13.1 of SCDC Policy GA-01.12, an inmate has fifteen days from the date of an incident in which to file a grievance. (Coleman ¶ 2.) The plaintiff took no further action on his returned grievance.

In response to the defendant's evidence and argument, the plaintiff claims that he was denied due process of law to redress his grievance because it was returned unprocessed under circumstances where it should not have been. (Pl. Resp. at 1-2.)

The precise basis for the plaintiff's objection is not clear. He appears to contend that the circumstances of his grievance warranted some exception to the 15 day limitations period. *Id*. No matter, the plaintiff's claims cannot be considered to have been properly and completely exhausted.

First, "[t]he fact that a grievance was unprocessed, without more, is insufficient to show that Respondents prevented Petitioner from exhausting his administrative remedies." *Bryan v. South Carolina Dept. of Corrections*, 2009 WL 702864, at *3 (D.S.C. March 16, 2009); *see also Peoples v. SCDC*, 2008 WL 1902718, at *1 (D.S.C. April 28, 2008). It is true that, although "there is no futility exception to the PLRA's exhaustion requirement," *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir.1999), the plain language of the statute requires that only "available" administrative remedies need be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. *See Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir.2004); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that inmate lacked available administrative remedy for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies); *Arnold v. Goetz*, 245 F. Supp. 2d 527, 538-39 (S.D.N.Y. 2003) (finding a prisoner who was told that an inmate grievance

4

process existed, but who was frustrated by officials in his attempts to learn how to use it, did not have recourse to an "available" administrative remedy).

But a returned and unprocessed grievance does not necessarily render remedies "unavailable." *See Peoples*, 2008 WL 1902718, at *1. In fact, this District has specifically concluded that an inmate does not "properly exhaust" his administrative remedies when he fails to file the Step 1 grievance within fifteen days. *Beatty v. West*, 2007 WL 1485860, at *2 (D.S.C. 2007)

Second, the plaintiff, in this case, was free to file a Step 2 Grievance or otherwise appeal the determination not to process the initial grievance. In other words, to the extent he believed that his grievance should benefit from some exception to the normal 15-day filing period he was required to appeal that through the grievance process. *See Peoples*, 2008 WL 1902718, at *1. It appears, however, that the plaintiff did nothing. The Court cannot now entertain some argument related to the defendant's own administrative policies, which the defendant himself was not afforded some opportunity to consider. Whether or not the plaintiff now has some legitimate argument as to why his grievance should have been processed is immaterial. He did not proffer that same argument to the defendants, as far as the Court has been informed. It cannot be said, in this case, that administrative remedies were simply unavailable to him. Accordingly, the case must be dismissed.

The Court has reviewed the grievance presented by the plaintiff, and none of the plaintiff's claims, in this present suit, have been fully and properly exhausted, prior to the filing of the Complaint, as required. *Woodford*, 126 S. Ct. at 2386.

Accordingly, the Court recommends dismissal for failure to exhaust administrative remedies. The Court declines to recommend that a failure to process his grievance renders administrative remedies legally unavailable such that this case might proceed.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment [Doc. 24] should be GRANTED and the plaintiff's claims dismissed *without prejudice*.

        IT IS SO RECOMMENDED.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

April 23, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).